UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEJAUNE L. ANDERSON<br>  a/k/a PRINCESS CALIFIA HATUN TUPAK<br>  BEY II,<br><br>           Plaintiff,<br><br>           v.<br><br>WASHINGTON COUNTY JAIL, INDIANA,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:24-cv-00669-TWP-CSW<br>)<br>)<br>)<br>) |

**ORDER DENYING EMERGENCY MOTION, SCREENING AND DISMISSING COMPLAINT, AND DIRECTING PLAINTIFF TO SHOW CAUSE**

This matter is before the Court for screening of the Complaint and an Emergency Order to Move Plaintiff/Inmate Custody Location (Dkt. 6), filed by Plaintiff DeJaune Anderson, also known as Princess Califia Hatun Tupak Bey II. Plaintiff initiated this action by filing a document titled Motion for Relief Due to Inmate Mistreatment, which has been docketed as the Complaint. (Dkt. 1. The Plaintiff is currently in custody at the Washington County Jail ("WCJ"). She alleges that WCJ's "failure to provide proper care and protection constitutes negligence and deliberate indifference to my well-being and safety" in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. (Dkt. 1) Because Plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendant. 28 U.S.C. § 1915A(a).

### I. SCREENING STANDARD

The court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. § 1915A(b).  An action is "'frivolous where it lacks an arguable basis either in law or in fact.'"  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)).  To survive dismissal the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

    *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted). However, when a *pro se* plaintiff has not presented a coherent pleading, the court is not required to guess his claims or the proper respondent. *See Thomas v. Superintendent*, 2:12-cv-168-JMS-WGH (S.D. Ind. March 11, 2023) (Mandate affirming dismissal of incoherent pleading).

## II.   THE COMPLAINT

    The claims in the Complaint are difficult to discern.  Plaintiff explains that her name is "Princess Califia Hatun Tupak Bey II of Washington Moors Indigenous People of United Nations Chapter 215193" and she "is representing the entity of DeJaune L. Anderson, known as the Plaintiff." (Dkt. 1 at 1).  The Complaint alleges that since March 31, 2024 Plaintiff has been incarcerated in the WCJ and she in enduring mistreatment in various forms.  Specifically, she was given a torn mat and stained blanket and forced to shower where there was black mold and mildew. She was interrogated by Officer Matt Busick, who attempted to coerce her into confessing

2

murdering her son, even though she stated she was kidnapped and placed under "MK Ultra Control for my handlers Elon Musk, Alex Jones, & Joshua Harris." *Id.* at 2. Plaintiff believes that Officer Busick mistreated her because he "knows of [her] foreign intelligence information that exposes many foreign and [sic] agents within the United States of treason and terrorism." *Id.* at 3. Officer Busick "refus[ed] to call National Security Alliance, Judge Advocate General Courts, and Men in Black Special Forces [which] has placed [her] life in grave danger." *Id.*

Plaintiff disclosed that she is lactose intolerant and has an allergy to latex. However, Officer Moore refused to notify the kitchen staff, so she was served chocolate milk and cheese. Plaintiff was also denied access to her "chirp" phone. When she requested a grievance form, she was denied. *Id*. at 3-4. Her cell was kept at freezing temperatures, *id*. at 4, and someone began spraying her belongings with latex spray, *id*. at 6.

After an inmate housed near her began to antagonize her, Plaintiff "began to speak an ancient language" that she learned through "ancient relics." *Id.* at 5. She placed a notation on her door regarding the "32 [degree] Prince Hall Free Mason Lodge" where she is a "high priestess." *Id.* She also added drawings on the wall in an ancient language for protection, but Officer Pam removed them. *Id.* at 6. Public Defender Attorney Alex Ooley visited her face to face "to gather intel" including "foreign intelligence information on his grandfather Joe Biden for treason." *Id.* at 5. Mr. Ooley then placed her in solitary confinement for mental observation. *Id.* at 6.

Plaintiff is seeking $33.33 million in compensatory damages.

### III.  DISCUSSION

Construing Plaintiff's complaint strictly, she fails to state a claim upon which relief may be granted because she sues one defendant—the Washington County Jail—which is a non-suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court

3

was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Construing her Complaint liberally, it asserts unrelated claims against multiple defendants based on completely unrelated concerns, which cannot be properly joined. District courts are encouraged to review complaints to ensure that unrelated claims against different defendants do not proceed in a single lawsuit. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources*, Inc., 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). That is, plaintiffs are not permitted to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Federal Rules of Civil Procedure 18 and 20 guide this analysis. Rule 20(a)(2), permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

Once Rule 20 is satisfied, "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a); *UWM Student Assoc. v. Lovell*, 888

4

F.3d 854, 863 (7th Cir. 2018) (court must apply Rule 20 before Rule 18). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The Seventh Circuit has directed that complaints like Plaintiff's should be rejected, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."), and the Court does so here.

Finally, the Complaint is subject to dismissal because it is incoherent. Dismissal for lack of subject matter jurisdiction because of inadequacy of the federal claim is proper only when the claims are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359 (1959)). That is the case here. Plaintiff may genuinely believe that she is being mistreated because she possesses foreign intelligence information that exposes many foreign agents within the United States of treason and terrorism, and that her Public Defender is attempting to gather intel, including foreign intelligence information on his grandfather Joe Biden for treason; but that belief is so implausible that it cannot be the basis of a federal claim.

For all these reasons, Plaintiff's Complaint is **dismissed without prejudice**.

### IV. EMERGENCY MOTION TO COMPEL TRANSFER

Plaintiff has also filed an "Emergency Order to Move Plaintiff/Inmate Custody Location" which the Court will address. Plaintiff alleges that she has suffered loss of teeth, loss of muscle

5

mass, chemical burns, and infections due to "some type of agent orange chemical" that was placed on her belongings. (Dkt. 6.) She seeks to be moved to "a secure facility such as [a] halfway house" or to be given a "house arrest bracelet." *Id.* The Court construes Plaintiff's motion as a request for a temporary restraining order and preliminary injunction.

"The standard for issuing a temporary restraining order is identical to that governing the issuance of a preliminary injunction." *Mays v. Dart,* 453 F.Supp.3d 1074, 1087 (N.D. Ill. 2020). To determine whether such relief is warranted, the Seventh Circuit requires a threshold showing that "(1) absent preliminary injunctive relief, [Plaintiff] will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) [Plaintiff] has a reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.,* 796 F.3d 656, 661-62 (7th Cir. 2015). As Plaintiff has failed to state a claim upon which relief may be granted, she has likewise failed to demonstrate a reasonable likelihood of success on the merits. Given this, the Court need not consider the other threshold bases. *Girtler v. Fedie,* 835 F. App'x 124, 127 (7th Cir. 2020). Plaintiff's Emergency Motion is **denied without prejudice.**

## V.  OPPORTUNITY TO AMEND

The dismissal of the Complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Plaintiff to amend her complaint if, after reviewing this Court's Order, she believes that she can state a viable claim for relief, consistent with the allegations she has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under

6

28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Plaintiff shall have **through Friday, August 23, 2024**, to file an amended complaint that complies with Rule 20. The amended complaint—in addition to complying with Rule 20—must (a) contain a short and plain statement of the claim showing that Plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury she claims to have suffered and what persons are responsible for each such injury. The **Clerk is directed** to include a copy of the prisoner civil rights complaint form along with Plaintiff's copy of this Order. The **Clerk is also directed** to include a copy of the preliminary injunction motion form.

The amended complaint should have the proper case number, 1:24-cv-00669-TWP-CSW, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original, so it must set out every defendant, claim, and factual allegation Plaintiff wishes to pursue in this action.

If Plaintiff wishes to pursue multiple unrelated claims against different defendants, she may do so by bringing multiple cases, each of which must be initiated with its own complaint. She will incur a filing fee for each case she brings, and each complaint will be screened pursuant to 28 U.S.C. § 1915A. Additionally, if Plaintiff brings three or more civil actions that are dismissed as frivolous or for failure to state a claim upon which relief may be granted, her ability to bring future actions will be limited. 28 U.S.C. § 1915(g).

## VI.  CONCLUSION

Plaintiff's Emergency Motion to Move Plaintiff/Inmate Custody Location, Dkt. [6], is **DENIED without prejudice**.  Her Complaint, Dkt. [1], is **DISMISSED**.  Plaintiff shall have **through Friday, August 23, 2024,** to file an amended complaint that complies with Rule 20.  The **Clerk is directed** to include a copy of the prisoner civil rights complaint form and the preliminary injunction motion form along with Plaintiff's copy of this Order. If an amended complaint is filed, it will be screened. If no amended complaint is filed by **August 23, 2024**, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**

Date:  8/2/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

DeJaune L. Anderson, #19499
Washington County Detention Facility
801 Jackson Street
Salem, Indiana  47167